So Ordered.

Dated: April 10th, 2015

*Frank L. Kurtz*
Bankruptcy Judge

METINER G. KIMEL – WSBA 21280
KIMEL LAW OFFICES
205 N. 40th Ave., Suite 205
Yakima, WA 98902
Telephone: (509) 452-1115
Facsimile: (509) 452-1116
Counsel for the Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF WASHINGTON

| In re | Case No. 14-00843 |
|---|---|
| River-Bluff Enterprises, Inc. | |
| Debtor. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH REGARD TO THE DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION, AS MODIFIED** |
| | **[11 U.S.C. § 1129]** |
| | **Confirmation Hearing:** |
| | DATE: March 26, 2015<br>TIME: 10:00 a.m.<br>PLACE: Telephonic 509-353-3192 |

The matter of the hearing on confirmation of the Debtor's Second Amended Plan of Reorganization, As Modified in the case of <u>In re River-Bluff Enterprises, Inc.</u>, Case No. 14-00843 came before the Honorable Frank L. Kurtz on March 26, 2015 at 10:00 a.m.. Metiner G. Kimel

-1-

IN RE RIVER-BLUFF ENTERPRISES, INC.; CASE . NO. 14-00843
FINDINGS AND CONCLUSIONS RE CH. 11 PLAN
4/6/2015 8:50 AM
14-00843-FLK11    Doc 319    Filed 04/10/15    Entered 04/13/15 13:13:14    Pg 1 of 12

appeared as counsel for the River-Bluff Enterprises, Inc., the debtor and debtor in possession (referred to hereafter as the "Debtor"). Other appearances are as noted in the record.

At the time of the hearing on confirmation of the Plan, the following papers, declarations, and documents were before the Court:

| Exhibit | Name of Document | Docket no. |
|---|---|---|
| 1 | Debtor's Second Amended Chapter 11 Plan Of Reorganization (the "Plan") | 260 |
| 2 | Debtor's Second Amended Disclosure Statement to Accompany Chapter 11 Plan Of Reorganization (the "Plan") | 261 |
| 3 | Order Granting Debtor's Motion For Order: 1) Approving Disclosure Statement Pursuant to Bankruptcy Code § 1125: 2) Setting February 19, 2015 As The Deadline For The Return Of Ballots And Filing Objections To The Plan; 3) Setting February 24, 2015 As The Deadline For Filing The Report of Balloting;; 4) Setting March 5, 2015 As The Deadline For Filing Objections to the Plan; and 5) Setting Hearing On Confirmation Of Debtor's Chapter 11 Plan Of Reorganization For March 26, 2015 | 268 |
| 4 | Notice Of Filing Written Disclosure Statement And Motion On Shortened Notice For Hearing On Disclosure Statement | 143 |
| 5 | List Classifying Claims and Interests | 264 |
| 6 | Notice of Approval of Disclosure Statement, Proposed Plan and Matters Relating to Confirmation of the Plan | 269 |
| 7 | Certificate of Mailing of Roberta Chavers regarding mailing of Confirmation Notice, the List Classifying Claims and Interests, the Conditional Order, the Disclosure Statement, the Plan, and Ballot (the "Plan Package Proof Of Service") | 270 |
| 8 | Report of Balloting, including the Ballot Summary | 283 |

| | | |
|---|---|---|
| 9 | Motion And Notice Of Motion On Shortened Notice And Hearing For Order Extending Time to File Ballots and Report of Ballots to March 5, 2015 and Notice | 272 |
| 10 | Motion to Shorten Time for the Motion to Extent Time to File Ballots and Report of Balloting | 274 |
| 11 | Order Granting Motion And Notice Of Motion On Shortened Notice And Hearing For Order Extending Time to File Ballots and Report of Ballots to March 5, 2015 | 284 |
| 12 | Order Granting Motion to Shorten Time for the Motion to Extent Time to File Ballots and Report of Balloting | 285 |
| 13 | Objection to Confirmation of Plan on behalf of U.S. Bank | 286 |
| 14 | Objection to Second Amended Plan filed by the U.S. Trustee | 287 |
| 15 | Motion For Order: 1) Approving Modification To Debtors' Chapter 11 Plan Of Reorganization; And; 2) Determining That The Modification To The Chapter 11 Plan Of Reorganization Is Deemed Accepted By Creditors And Equity Security Holders Who Have Previously Accepted The Plan; And 3) Request For Shortened Notice | 291 |
| 16 | Motion For Order To Shorten Time For Notice And Hearing On Motion For Order: 1) Approving Modification To Debtors' Chapter 11 Plan Of Reorganization; And 2) Determining That The Modification To The Chapter 11 Plan Of Reorganization Is Deemed Accepted By Creditors And Equity Security Holders Who Have PrevioU.S.ly Accepted The Plan; And 3) Request For Shortened Notice | 292 |
| | | |

| | | | |
|---|---|---|---|
| 1<br>2<br>3 | 17 | Memorandum of Points and Authorities in Support of Confirmation of the Second Amended Chapter 11 Plan Of Reorganization (the "Confirmation Brief") | 299 |
| 4<br>5 | 18 | The Declaration of Roger Haney in Support of Confirmation of Debtor's Second Amended Chapter 11 Plan Of Reorganization | 297 |
| 6<br>7 | 19 | The Declaration of Byron Haney in Support of Confirmation of Debtor's Second Amended Chapter 11 Plan Of Reorganization | 300 |
| 8<br>9 | 20 | The Declaration of Metiner G Kimel in Support of Confirmation of Debtor's Second Amended Chapter 11 Plan Of Reorganization | 298 |
| 10<br>11<br>12<br>13<br>14<br>15<br>16<br>17 | 21 | Memorandum In Support of Motion For Order To Shorten Time For Notice And Hearing On Motion For Order: 1) Approving Modification To Debtors' Chapter 11 Plan Of Reorganization; And 2) Determining That The Modification To The Chapter 11 Plan Of Reorganization Is Deemed Accepted By Creditors And Equity Security Holders Who Have PrevioU.S.ly Accepted The Plan; And 3) Request For Shortened Notice | 301 |
| 18<br>19<br>20<br>21<br>22<br>23<br>24 | 22 | Proposed Order 1) Approving Modification To Debtor's Chapter 11 Plan Of Reorganization; And Determining That The Modification To The Amended Chapter 11 Plan Of Reorganization Is Deemed Accepted By Creditors And Equity Security Holders Who Have PrevioU.S.ly Accepted The Plan and 2) Shortening Hearing on Notice Thereon, attached as an Exhibit to the Modification Motion; and | Attached to confirmation brief as Exhibit 1 |
| 25<br>26<br>27<br>28 | 23 | the Proposed Findings and Conclusions With Regard to Confirmation of Debtor's Chapter 11 Plan of Reorganization and Proposed Order Approving Debtor's Disclosure Statement In Support Of Debtor's Chapter 11 Plan Of Reorganization And | Attached to confirmation brief as Exhibit 2 |

| | | | |
|---|---|---|---|
| | | Confirming Debtor's Chapter 11 Plan Of Reorganization As Modified, which are attached as Exhibits "1" and "2" to this Confirmation Brief. | |
| | 24 | ORDER 1) AMENDING ORDER GRANTING MOTION TO EXTEND TIME FOR FILING BALLOTS FOR HUFF CONSTRUCTION, MARK GROVER, AND U.S. BANK; 2) ALLOWING LATE FILED BALLOTS FOR PURPOSES OF VOTING IN FAVOR OR AGAINST THE DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORANIZATION | 313 |
| | 25 | ORDER GRANTING MOTION FOR ORDER:APPROVING MODIFICATION TO DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION; AND DETERMINING THAT THE MODIFICATION TO THE CHAPTER 11 PLAN OF REORGANIZATION IS DEEMED ACCEPTED BY CREDITORS AND EQUITY SECURITY HOLDERS WHO HAVE PREVIOUSLY ACCEPTED THE PLAN; and REQUEST FOR SHORTENED NOTICE | 314 |
| | 26 | ORDER GRANTING MOTION TO SHORTEN NOTICE | 315 |

Based upon the above reference pleadings, all additionally pleadings filed in the case, and the testimony provided to the Court at the hearing on Confirmation, the Court now makes the following findings and conclusions:

1. Plan complies with Sections 1122 and 1123 of the Bankruptcy Code governing classification and contents of a plan in that the Plan appropriately places claims in the same class only if the claims are substantially similar to other claims or interests in the class.

2. Article III of the Plan designates the classification of claims and interests as required under Code §1123(a)(1).

3. Article IV[1] of the Plan designates the classes of claims which are not impaired by the Plan in accordance with § 1123(a)(2).

4. Article IV of the Plan specifies the treatment afforded to each of the impaired classes of claims and interests under the Plan in accordance with the requirements of Section 1123(a)(3).

5. The Plan provide the same treatment for each claim or interest of a particular class unless the holder of a particular claim or interest agrees to a less favorable treatment of such claim or interest. Since all members of each class are treated equally with respect to their class, the Plan satisfies this requirement.

6. As required by Section 1123(a)(5) requires that the Plan provide adequate means for its implementation. The means of implementation of the Plan are described in detail in Article VI of the Plan and satisfy the requirements of Section 1123(a)(5) by providing for, among other things, (i) a method for funding payments to be made on account of Allowed Claims; (ii) provisions for the distribution of property under the Plan; (iii) resolution of Disputed Claims; and (iv) a method for distribution of payments to Allowed Claims. Accordingly, the provisions for implementation of the Plan satisfy § 1123(a)(5).

7. Here, the Debtor is a corporation that has issued only a single class of stock. The Plan does not contemplate the issuance of any type of equity interest, nor does it contemplate the either the transfer of all or any part of the property of the estate to one or more entities, whether organized before or after the confirmation of the Plan or the merger or consolidation of the Debtor with one or more persons. Based on the Declaration of Roger Haney, submitted in support of Confirmation of the Plan, the Debtor will be amending its corporate charter to prohibit the issuance of nonvoting equity security. As the Debtor otherwise has only a single class of stock, the Debtor submits that the remaining provisions of §1123(a)(6) the requirements of §1123(a)(6) are or will be satisfied under the circumstances of the Case.

---

[1] Again the Plan erroneously designates two Section IIIs. The Section of the two should have been labelled IV. Treatment of Claims and Interests Under The Plan.

8. As the Plan contains no provisions altering the process of selection of officers, directors and Trustees, and as the original provisions of the Debtors Articles of Incorporation and by-laws comply with California corporation law, the Plan satisfies § 1123(a)(7) of the Code.

9. Because the Plan satisfies the requirements of 11 U.S.C. §§ 1122 and 1123, the Plan complies with the provisions of 11 U.S.C. § 1129(a)(1).

10. On January 14, 2015, the Court approved the Disclosure Statement, and on January 29, 2015 entered an order approving the Disclosure Statement. [Docket No. 268] In accordance with the Order Approving Disclosure Statement, the Trustee transmitted to all creditors and equity holders (i) the Notice; (ii) the Disclosure Statement; (iii) the Plan, and (iv) ballots to vote to accept or reject the Plan with respect to each Class in which creditors were entitled to vote on the Plan, and the List Classifying Claims. See, the Plan Package Proof of Service. [Docket No. 270]. Further, when it became apparent that the original service of the Plan Package failed to include Grover and Huff, the Debtor moved the Court to extend the time to allow service of the Plan Package to those two creditors and afford them an opportunity to vote, which in fact both have voted in favor of the Plan. As evidenced by the Kimel Declaration, both Grover and Huff Construction were e-mailed the entire plan package otherwise mailed to creditors on February 18, 2015. Accordingly, the Debtor has complied with the solicitation requirements set forth in Section 1125, and the Plan satisfied the requirements of Code § 1129(a)(2) that the proponent of the Plan complied with the applicable provisions of Chapter 11.

11. All non-insider impaired classes which have voted, have in fact voted to accept the Plan. Based upon the vote by creditors the Court determines that the Plan is fundamentally fair and proposed in good faith. The Court finds that U.S. Bank's objection to the Plan has been withdrawn, and that the order modifying the Plan [Docket No. 314] has resolved the U.S. Trustee's objection to the Plan. Thus, in accordance with Bankruptcy Rule 3020, the Court determines that the Plan was proposed in good faith and not by any means forbidden by law and thereby satisfies the requirements of 11 U.S.C. §1129(a)(3).

12. The Plan allows for payment of administrative expenses of the kind specified in 11 U.S.C. § 507(a)(1), which includes compensation awarded by the Court to professional persons.

Article VII, section. F of the Plan provides that each professional Person or firm retained with approval by order of the Bankruptcy Court or requesting compensation in the Case pursuant to section 330 or 503(b) of the Bankruptcy Code shall be required to file an application for an allowance of final compensation and reimbursement of expenses in the Case incurred through the Confirmation Date. These procedures for the Court's review and ultimate determination of the fees and expenses to be paid by the Debtors' estate satisfy the objectives of Section 1129(a)(4).

13. Section 1129(a)(5) is satisfied in this case as the Disclosure Statement discloses who the insiders of the Debtor in Section V paragraph G, and discloses in Section XI of the Disclosure Statement discloses that Management will perform the day-to-day management of the Debtors business, with Byron Haney acting on behalf of the Debtor as the leasing agent for the Medical Building. Section XI also discloses that Roger Haney will continue to receive $3,000.00[2] per month as salary, and the Byron Haney will not be compensated for his services as leasing agent.

14. Section 1129(a)(6) is inapplicable in that no such regulatory approval is required in the Case.

15. The best interest test applies only to non-accepting impaired claims or interests. Under the Plan, claims in Classes 2, 4, 5 and 11 are unimpaired, and therefore the "best interest" test is deemed satisfied with respect to such claims an interests. Additionally, the creditors in Class 3, 6, 8, and 9 have voted to accept the Plan.

16. Classes 1, 7 and 10 have not voted in connection with the Plan, and accordingly must retain under the Plan property of a value that is not less than what such holder would receive or retain if the Debtor were liquidated under Chapter 7.

17. As established by the Liquidation Alternative to the Plan in Section IX of the Disclosure Statement and the liquidation analysis which is attached as Exhibit "5" to the Disclosure Statement, in a Chapter 7 liquidation Alpine, the holder of the Class 7 and 10 Claim, would have both of its claims lumped with other general unsecured claims, including a potential deficiency claim of U.S. Bank. The resultant distribution to all general unsecured claims in a Chapter 7,

---

[2] In addition, the Debtor has historically paid for Roger Haney's health insurance. The Debtor will continue to be paying Mr. Haney's healh insurance post-confirmation.

including Class 8 and 9, is projected at not more than 42 cents on the dollar. Under the Plan, all holders of unsecured claims in the Case are ultimately to be paid 100% of their allowed claims

18. Further, Class 6 has made an election under Bankruptcy Code §1111(b) to have its allowed Claim treated as fully secured. Section 1129(a)(7)(B) provides that "if section 1111(b)(2) of this title applies to the claim of such class, each holder of a claim of such class will receive or retain under the plan on account of such claim property of a value, as of the effective date of the plan that is not less than value of the holder's interest in the estate's interest in the property that secured such claims." In accordance with the mandate of Code §1111(b)(2), the Plan provides that U.S. Bank's claim is treated as a secured claim in the full amount of its claim. The Plan then provides that this fully allowed claim will also be paid 100% in full. Accordingly, as all Classes have either accepted or are deemed to have accepted the Plan, or are receiving under the Plan the same distribution that they would receive in a Chapter 7 liquidation, and in the case of U.S. Bank it is retaining property of value that is equal to the full amount of its Filed Claim, the "best interests" test set forth in Section 1129(a)(7) has been satisfied.

19. 11 U.S.C. § 1129(a)(8) requires that, with respect to each class of claims or interests, such class of claims or interests has accepted the plan, or such class is not impaired under the plan. There are ten classes of Creditors established by the Plan. Under the Plan, holders of Allowed Class 2, 4, 5 and 11 are unimpaired and therefore, pursuant to Bankruptcy Code § 1126(f) are deemed to have accepted the Plan. The Report of Balloting setting forth a tally of the ballots cast with respect to the Plan by the remaining classes established by the Plan discloses that these classes have voted as follows:

> Class 1 – Allowed Secured Claims for Property Taxes. This class is designated as impaired under the Plan. There were no know creditors within this Class, and no Claims were filed by taxing agencies. There were no ballots received by holders of Class 1 Claims.
>
> Class 3 – The Allowed Secured Claim of Key Bank. This class is impaired by the Plan. One ballot was received from holder of the Class 3 Claim. Key Bank, the holder of the Class 3 Claim has voted to accept the Plan.

-9-
IN RE RIVER-BLUFF ENTERPRISES, INC.; CASE . NO. 14-00843
FINDINGS AND CONCLUSIONS RE CH. 11 PLAN
14-00843-FLK11    Doc 319    Filed 04/10/15    Entered 04/13/15 13:13:14    Pg 9 of 12
4/6/2015 8:50 AM

Class 6 – The Secured Claim of U.S. Bank. This class is impaired by the Plan. U.S. Bank the holder of the Class 6 Claim has voted to accept the Plan.

Class 7 – The Allowed Secured Claim of Alpine. This class is impaired by the Plan. No ballots were received from holder of the Class 7 Claim.

Class 8 –General Unsecured Claims. This class is impaired by the Plan. Huff Construction voted in favor of the Plan. Mark Grover has also voted in favor of the Plan [Docket No. 281]. As both votes were in favor, this class has voted 100% in favor of the Plan

Class 9 – The Allowed Unsecured Claim of Marcus Haney. This class is impaired by the Plan. Marcus Haney, the holder of the Class 9 Claim has voted in favor of the Plan. [Docket No. 282]

Class 10 – The Allowed Secured Claim of Alpine. This class is impaired by the Plan. No ballots were received from holder of the Class 10 Claim.

Thus, all Classes entitled to vote on the on the Plan, which did vote on the Plan, have voted unanimously to support the Plan.

20. Articles II and IV of Plan provide that all such priority tax claims, will be paid in full, in cash, on the Effective Date of the Plan, and any other Allowed priority claim classified as a Class 2 Claim under the Plan will also be paid in full in Cash on or before the Effective Date of the Plan. Accordingly, the Plan satisfies the requirements of Section 1129(a)(9).

21. As established by the Summary of Ballots [Docket No. 283], the acceptance by both Class 3 and Class 8, was determined without including any acceptances of the Plan by any insider. Accordingly, the Plan satisfies §1129(a)(10).

22. As established by the financial projections included as Exhibit "4" to the Disclosure Statement and the Declarations of Roger Haney and Byron Haney, the Debtor will be able to service all of its obligations under the Plan as they come due and therefore the Plan satisfies §1129(a)(11).

23. Section 1129(a)(12) has been complied with in that Articles II and XII, Section A of the Plan provide for payment of such fees on the Effective Date of the Plan.

IN RE RIVER-BLUFF ENTERPRISES, INC.; CASE . NO. 14-00843
FINDINGS AND CONCLUSIONS RE CH. 11 PLAN
4/6/2015 8:50 AM

14-00843-FLK11   Doc 319   Filed 04/10/15   Entered 04/13/15 13:13:14   Pg 10 of 12

24. Section 1129(a)(13) is inapplicable in this case, as the Debtor does not, and has not in the past, provided such "retiree benefits" as that term is defined in Bankruptcy Code § 1114.

25. As the Debtor is not subject to any order requiring the Debtor to pay any domestic support obligations, § 1129(a)(14) is inapplicable to the Debtor's case.

26. As the debtor is not an individual, 11 U.S.C. § 1129(a)(15) is inapplicable to the Debtor's case.

27. There are no transfers contemplated by the Plan which would not be in compliance with applicable nonbankruptcy law. Accordingly, the Debtor submits that the Plan satisfies the requirements of § 1129(a)(16).

28. Classes 1, 3, 4, 5, 6, and 7 are secured claims. The treatment of each of those classes provide that any such holder shall retain their lien against the property which secures their claims.

29. With regard to Class 1, there has been no proof of claim filed by a holder of a secured claims for property taxes. The Debtor's Plan and projections which are provide as Exhibit "4' to the Disclosure Statement provide for payment of property taxes claims in the ordinary course of its business for all real properties which are in its possession. The Court finds the Plan fair and equitable under §1129(b)(2)(A) as to holders of Class 1 Claims.

30. Key Bank, the holder of the secured Allowed Class 3 Claim has voted in favor of the Plan. The Plan provides Key Bank retains its lien against 142 N.9th Street and other collateral as stated in the Key Bank Loan documents. The Plan also provides that the Reorganized Debtor shall continue to be bound by and to comply with all terms of Key Loan Documents, including the obligation to make required payments under the Key Loan Documents. The Court finds the plan fair and equitable under §1129(b)(2)(A) as to the holder of Class 3 Claim.

31. U.S. Bank, the holder of the Allowed Class 6 Claim, has made an §1111(b)(2) election in the case, which thereby requires that the Debtor treat the full amount of the claim as fully secured. The Plan provides that U.S. Bank retains its lien against the Medical Building, and supplements the bank's lien position by granting a security interest in the Parking Lot, which was not part of its original collateral. The Plan provides for the payment of the Allowed Claim with

interest in full. The Court finds that U.S. Bank's treatment under the Plan provides it with deferred cash payments totaling at least the allowed amount of its claim that is a value, as of the effective date of the Plan, at least the value of U.S. Bank's interest in the estate's interest in the U.S. Bank's collateral. The Court finds the plan fair and equitable under §1129(b)(2)(A) as to the holder of the Class 6 Claim.

32. The holder of the Class 7 Claim will retain its lien against its collateral, and that its will be paid its Allowed Secured Claim with interest at the non-default rate provided for under its loan and security documents, until the Allowed Secured Claim is paid in full. The Court finds that this treatment of the Alpine Allowed Secured Claim is fair and equitable under §1129(b)(2)(A).

33. The plan provides that Allowed Class 9 claim, which is an unsecured claim shall be paid in full, but not until all Allowed Class 6, 8, and 10 Claims are paid in full. The Court finds that the treatment of the Allowed Class 9 Claim is fair and equitable under Code §1129(b)(2)(B).

34. Having found that the Plan is fair and equitable as to Classes, 1, 7, and 10, the impaired classes which have not voted in favor of the Plan, the Court finds that the Plan satisfies the cram down requirements of Code §1129(b).

These shall constitute the findings of fact and conclusions of law of the Court in accordance with Federal Bankruptcy Rule of Procedure 7052.

Presented by
s/ Metiner G. Kimel
Counsel for the Debtor