METINER G. KIMEL - State Bar No. 21280
KIMEL LAW OFFICES
1115 West Lincoln Avenue, Suite 105
Yakima, WA 98902

Telephone: (509) 452-1115
Facsimile: (509) 452-1116

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re River-Bluff Enterprises, Inc., | Case No. 14-00843 |
| Debtor. | Chapter 11 |
| | **DECLARATION OF BYRON HANEY IN SUPPORT OF DEBTOR'S MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL OF U.S. BANK; AND FOR ORDER SHORTENING TIME FOR HEARING AND NOTICE THEREOF** |

I, Byron Haney am a shareholder and an officer of the River-Bluff Enterprises, Inc., the debtor and debtor in possession in the above referenced case (the "Debtor"). I am competent to testify and if called upon to do so could with regard to the following matters:

1. This declaration is provided in support of the Reorganized Debtor's Motion For Order Authorizing It Obtaining New Credit.

2. An order confirming the Debtor's Second Amended Chapter 11 Plan of Reorganization as Modified (the "Plan") was entered by the by the Court on April 10, 2015.

3. Pursuant to the Plan, the Debtor was required to, among other things, obtain leases for unrented space in the Medical Building, make monthly payments to U.S. Bank in the

amount of $39,000.00 per month commencing in January 2015, with the payments increasing to $41,000.00 per month in January 2016 for the remaining term of the loan. The loan must be paid in full by December 31, 2018. Debtor asserts that it is in compliance with all the terms of the Plan generally, and with all of the terms of the Plan applicable to the secured claim of U.S. Bank.

4. The new debt incurred by the Debtor from STCU will be used first to retire the secured claim of U.S. Bank in its entirety. Debtor anticipates that the terms of the new loan shall be more favorable to the Debtor, in that the term of the loan is expected to go beyond December 31, 2018, and that the payments terms will improve the Debtor's cash flow position.

5. On October 12, 2015 I received a copy of the loan commitment letter from STCU regarding the terms of a new loan in the amount of $5.0 million dollars. A true and correct copy of that loan commitment letter is attached hereto as Exhibit "1" and incorporated herein by reference. As evidenced by the letter, the closing of the loan with STCU will substantially improve the Debtor's monthly cash flow, dropping the monthly payment related to the Medical Building from $39,000.00 per month (increasing the $41,000.00 in January 2106), to approximately $27,086.91.

6. I anticipate the STCU will fund this loan within a few days after receiving the order of this Court authorizing the Debtor to incur the new debt.

7. I am advised that, as of September 16, 2015, the payoff amount for the US Bank secured claim was $5,236,702.06, plus the bank's post-effective date legal fees. Additional information regarding the amount of the post-effective date fees was requested by the Debtor's counsel on or about September 26, 2015, but has not yet been provided with that additional information.

8. I am aware that the loan from STCU for $5.0 million would not be enough to fully pay US Bank's secured claim in full.

9. I have discussed this shortage with the other shareholders of the Debtor, and believe that we will be able to self-fund the difference necessary at closing to fully fund a payoff of the US Bank secured claim.

In re River Bluff Enterprises, Case No. 14-00843
Dec In Support of Motion to Incur New Debt]

Kimel Law Offices
1115 West Lincoln Ave.
Yakima, WA 98902

-2-

14-00843-FLK11    Doc 344    Filed 10/19/15    Entered 10/19/15 09:23:36    Pg 2 of 3

10. STCU has agreed to close loan while the Debtor remains in an open bankruptcy proceeding, but the Debtor anticipates as a condition of the loan that it will be necessary to obtain a final decree closing the case shortly after it obtains approval of the new loan contemplated by this motion.

11. While US Bank has filed a responsive pleading to the motion, I do not believe that they oppose the closing of the loan with STCU, provided its claim is paid in full at the closing.

12. Because the Debtor has not been provided with US Bank's post-effective date attorney fees, the Debtor reserves the right to dispute the amount those fees at a later date should they prove to be unreasonable.

Executed under penalty of perjury this 13th day of October 2015 [2014 struck through] at Ellensburg, WA

*/s/ Byron Haney*

Byron Haney

In re River Bluff Enterprises, Case No. 14-00843
Dec In Support of Motion to Incur New Debt］

Kimel Law Offices
1115 West Lincoln Ave.
Yakima, WA 98902

-3-

14-00843-FLK11    Doc 344    Filed 10/19/15    Entered 10/19/15 09:23:36    Pg 3 of 3